E-FILED
Tuesday, 27 April, 2010   09:21:26 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KIM LEE MILLBROOK, | ) |
| Petitioner, | ) |
| v. | ) Case No. 09-4044 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O R D E R

This matter is now before the Court on Petitioner, Kim Lee Millbrook's ("Millbrook"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the § 2255 Motion is DENIED.

### BACKGROUND AND PROCEDURAL HISTORY

On March 15, 2007, a jury in this Court found Millbrook guilty of being a felon in possession of a firearm, possession with intent to distribute crack cocaine, witness tampering, and witness retaliation. On August 13, 2007, Millbrook was sentenced to 372 months' imprisonment and 8 years' supervised release. Judgment was entered on August 14, 2007, and Millbrook filed a Notice of Appeal of his conviction and sentence to the Seventh On Circuit Court of Appeals.

On direct appeal, Millbrook presented six issues: (1) the search warrants were not based on probable cause and could not have been relied on in good faith; (2) it was an abuse of discretion to admit evidence of his prior conviction for delivery of a controlled substance under Rule 404(b); (3) it was an abuse of discretion to allow expert testimony regarding the practices and mechanics of the drug trade; (4) there was insufficient

evidence to support his conviction for witness retaliation; (5) the errors considered together amount to a cumulative error requiring reversal; and (6) resentencing is necessary in light of Kimbrough v. United States, 128 S.Ct. 558 (2007), and Gall v. United States, 128 U.S. 586 (2007). Millbrook's conviction and sentence were affirmed on January 23, 2009. United States v. Millbrook, 553 F.3d 1057 (7th Cir. 2009).

Millbrook now brings this §2255 motion in which he asserts that the Court lacked jurisdiction to convict him. This argument is based on the contention that the United States somehow relinquished jurisdiction by turning him over to the State of Illinois when he appeared in Henry County Circuit Court on state charges for assaulting a fellow inmate while in custody pursuant to a contract between the Henry County Jail and the U.S. Marshals Service. The matter is now fully briefed, and this Order follows.

**DISCUSSION**

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." Boyer v. United States, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." Guinan v. United States, 6 F.3d 468, 470 (7th Cir. 1993), *citing* Scott v. United States, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. Doe v. United States, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a

vehicle to circumvent decisions made by the appellate court in a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Doe, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by* Castellanos v. United States, 26 F.3d 717, 710-20 (7th Cir. 1994).

Here, Millbrook did not raise his jurisdictional claim on direct appeal and is now barred from doing so in a § 2255 motion absent a showing of cause and prejudice. Mankarious v. United States, 282 F.3d 940, 943 (7th Cir. 2003). He was clearly aware of the issue during the pendency of his direct appeal, as he attempted to raise this very issue in a § 2255 motion that was dismissed without prejudice as premature while the appeal was pending. He also submits a letter from his appellate counsel in which they advised him that his argument was without merit and urged him to dismiss the premature § 2255 filing. In his traverse, Millbrook states that he asked his appellate counsel to raise the jurisdictional issue on appeal but his request was denied. However, he does not contend that he received ineffective assistance from his appellate counsel, but rather only that he "feels he was at a disadvantage from this error."

Even assuming that Millbrook could establish that he received ineffective assistance of counsel on direct appeal, he cannot establish actual prejudice as his jurisdictional claim

- 3 -

is without merit. Millbrook was taken into federal custody in March 2006, detained pending trial, and remanded to the custody of the U.S. Marshals, who housed him at various federal contract facilities. He was charged in Henry County Circuit Court on January 18, 2007, on the charge of assaulting another inmate in the Henry County Jail.

Millbrook was transported to the Henry County Jail from his federal contract housing facility to appear on the Henry County matter pursuant to state writs ad testificandum issued by and filed in the Henry County Circuit Court. The record also indicates that he appeared in Henry County Circuit Court on several other occasions without any specific writ, yet he was always returned to the federal contract facility after his appearances, and the federal docket is replete with references to the Court remanding him to the custody of the U.S. Marshal following hearings. The mere fact that Millbrook was transported from his federal contract facility to appear in state court and then returned to the federal contract facility does not indicate any relinquishment of federal jurisdiction or custody. Klein v. Kindt, 960 F.2d 151, 1992 WL 79044, at * (7th Cir. Apr. 20, 1992) (finding the fact that the U.S. Marshal took the defendant back for the federal prosecution after state court appearance indicative of no intention to surrender custody and noting presumption that a waiver of custody requires an affirmative act by the sending sovereign); Hernandez v. United States Attorney General, 689 F.2d 915, 919 (10th Cir. 1982). Millbrook cites no contrary authority. He has therefore failed to demonstrate errors vitiating this Court's jurisdiction or any other error of a constitutional magnitude, and his § 2255 motion must be denied.

The Court further denies any request for an evidentiary hearing in this matter. Millbrook is entitled to an evidentiary hearing only if he has alleged facts that, if proven, would entitle him to relief.  <u>Sandoval v. United States</u>, 574 F.3d 847, 850 (7th Cir. 2009). As the factual issues relevant to Millbrook's claim in this action can be resolved on the record, an evidentiary hearing is not required.  <u>Oliver v. United States</u>, 961 F.2d 1339, 1343 (7th Cir. 1992).

## CONCLUSION

For the reasons set forth herein, Millbrook's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DENIED.  This matter is now TERMINATED.

ENTERED this 26th day of April, 2010.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge